E. N. GILLESPIE, Trustee, Appellee, *vs.* THE FULTON OIL
AND GAS COMPANY *et al.* Appellants.

*Opinion filed April 23, 1909.*

1. INJUNCTION—*when a decree should not adjudicate question
of homestead.* A decree upholding the complainant's oil and gas
lease and enjoining an invasion of his rights by the defendants
should not adjudicate the question of the existence of a homestead
estate in the premises, where the bill makes no reference to such
estate and the existence thereof is not averred in the answers nor
shown by the proof.

2. LEASES—*persons invading rights of oil and gas lessee do not
forfeit title to personal property.* An oil and gas lease confers up-
on the lessee only the right to enter upon the premises to explore
for gas and oil and to produce the same, if found, according to the
terms of the lease, and hence an invasion of his rights by other
persons does not forfeit the invaders' ownership of the machinery
and movable property used by them in prosecuting their opera-
tions nor transfer such ownership to the lessee.

3. SAME—*when decree should not enjoin removal of personal
property.* A decree upholding the complainant's oil and gas lease
as the only subsisting one upon the premises and enjoining an in-
vasion of his rights by the defendants should not restrain the re-
moval by the defendants of such of their property as has not been
so attached to the premises that it cannot be removed without in-
jury; but the complainant is entitled, without paying therefor, to
the benefit of all the work done by the defendants.

APPEAL from the Circuit Court of Crawford county;
the Hon. E. E. NEWLIN, Judge, presiding.

PARKER & EAGLETON, GEORGE W. JONES, and JAY A.
HINDMAN, for appellants:

Where a decree is reversed and the case is remanded
with specific directions, the court below has no discretion
but must pursue the mandate of the Appellate Court. If
such instructions are not obeyed it will be error, and the
second decree will be reversed on appeal. *Chickering* v.
*Failes,* 29 Ill. 294; *Sanders* v. *Peck,* 131 id. 407; *Chicago*
v. *Gregsten,* 157 id. 160.

Where the views of the Supreme Court are expressed in an opinion, the trial court should examine the opinion and conform its action to it. *Wadhams* v. *Gay,* 131 Ill. 250; *Sanders* v. *Peck,* 131 id. 407; *Noble* v. *Tipton,* 222 id. 639; *Blackaby* v. *Blackaby,* 189 id. 342.

The law is well settled that a lease of the character of the one involved in this case is a conveyance of such an interest in the homestead as will render it void unless such lease is executed and acknowledged in the manner provided by law. *Bruner* v. *Hicks,* 230 Ill. 536; *Poe* v. *Ulrey,* 233 id. 56; *Gillespie* v. *Oil Co.* 236 id. 188.

In this case the question of homestead was not raised by the bill or the amended bill and was not put in issue by the answer of the defendants, and it therefore could not lawfully be adjudicated by a finding or decree. *Gillespie* v. *Oil Co.* 236 Ill. 188.

The lease in question conveyed to appellee no present title to the oil or gas nor to the realty, and much less did it convey title to the personal property upon the premises. It is, at most, a mere license to go upon the premises to explore for oil and gas, and if found, to produce these substances under the terms of the lease. *Heal* v. *Oil Co.* 150 Ind. 483; *Oil Co.* v. *Bridgewater,* 42 S. E. Rep. 655; *Huggins* v. *Daily,* 99 Fed. Rep. 606; *Crawford* v. *Richey,* 43 W. Va. 252; *Oil Co.* v. *Fretts,* 152 Pa. St. 451; *Steelsmith* v. *Gartlan,* 45 W. Va. 27; *Foster* v. *Oil Co.* 90 Fed. Rep. 178; *Oil Co.* v. *Oil Co.* 112 id. 373; *Hall* v. *Vernon,* 47 W. Va. 295; *Oil Co.* v. *Shipman,* 233 Ill. 9.

As between the appellant Bowman and the appellee, the former would have a better right to the property which was placed upon the premises by the other appellants, and yet if he were to appropriate such property he would be guilty of conversion. Thornton on Oil and Gas, sec. 191; *Cassell* v. *Crothers,* 193 Pa. St. 359.

CALLAHAN, JONES & LOWE, GOLDEN, SCHOLFIELD & SCHOLFIELD, PARKER & CROWLEY, and CHARLES GIBBS CARTER, for appellee:

The court did not err in adjudicating the issue as to the homestead of appellant Bowman in favor of appellee. The matter is *res judicata* as to Bowman. 23 Cyc. 1304; *Litch* v. *Clinch,* 136 Ill. 410; *Campbell* v. *Wilson,* 195 id. 284; *Hoskins* v. *Litchfield,* 31 id. 137; *Clubb* v. *Wise,* 64 id. 157; *West* v. *Krebaum,* 88 id. 263; *Asher* v. *Mitchell,* 92 id. 480; *Goltra* v. *Green,* 98 id. 317.

During the life of appellant Bowman no one else can assert the defense of homestead. *Getzler* v. *Saroni,* 18 Ill. 511; *Redfern* v. *Redfern,* 38 id. 509; *Phillips* v. *Springfield,* 39 id. 83; *Cipperly* v. *Rhodes,* 53 id. 357; *Taylor* v. *Taylor,* 223 id. 423.

The decree of the circuit court properly gave appellee the leasehold estate and the property belonging and appurtenant thereto. 16 Am. & Eng. Ency. of Law, 67, 88, note; *Cable* v. *Ellis,* 120 Ill. 136; *Ames* v. *Witbeck,* 179 id. 458; *Wakefield* v. *VanTassell,* 218 id. 572; *Bruner* v. *Hicks,* 230 id. 543; 22 Cyc. 17; *Green* v. *Biddle,* 21 U. S. 1; *Morrison* v. *Robinson,* 31 Pa. 456.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee filed a bill in the circuit court of Crawford county against the appellants for an injunction, accounting and other relief. Answers were filed, a hearing was had on the pleadings and evidence and a decree was rendered dismissing the bill for want of equity. The Appellate Court affirmed this decree, but upon the complainant's appeal to this court it was reversed and the cause was remanded to the circuit court, with directions to enter a decree in accordance with the prayer of the bill. (236 Ill. 188.) Upon the filing of the mandate the circuit court entered a decree in favor of the complainant, from which the defendants have

appealed, and they now insist that the decree is not in accordance with the directions of this court.

Two objections are made to the decree: First, that it adjudicates the question of the estate of homestead of the appellant S. C. Bowman; second, that it requires the surrender to appellee of the personal property on the premises.

The pleadings and evidence appear in the report of the case when it was here on the former appeal. The bill made no reference to the homestead. We held that there were no averments in any of the answers showing the existence of a homestead and no proof to sustain such averments, and directed that a decree should be entered in accordance with the prayer of the bill. The prayer was for an injunction against taking oil or gas from the premises, selling any oil or gas obtained from the premises and drilling wells thereon, and against preventing the complainant from entering upon the premises and operating them for oil and gas; for a decree that the complainant's lease was the only subsisting lease on the premises for oil and gas purposes, and for the cancellation of the lease to T. N. Rogers as a cloud upon complainant's title; for a discovery and accounting of the amount and value of the oil and gas taken from the premises; for the appointment of a receiver to take charge of and operate the property pending the suit, and for general relief. The decree rendered provides as follows: "As to the issue made by the said defendants as to the estate of homestead of the said S. C. Bowman in the premises described in said lease given to the said T. E. Pierce by the said Bowman, the court finds said issues against the said defendant and in favor of the said complainant; that said defendant cannot have any advantage of the defense that the premises were a homestead, and that the said complainant and his associates should, during the existence of said lease, control, manage, operate and enjoy said lease and the leasehold estates conveyed by the said S. C. Bowman to the said T. E. Pierce under the lease hereinbefore.

set out at length, as fully and to all intents and purposes
as to the said defendants the same as they could have done
if the estate of homestead had been regularly waived in said
lease as is by the statute in such case made and provided."

Since neither the allegations nor prayer of the bill men-
tioned the homestead and the answers raised no issue in
regard to it, the decree could not properly make any find-
ing or order in regard to it. The effect of the decree ad-
judging that the complainant's lease is a valid and subsisting
oil and gas lease, and the only one ever given on the said
premises; that the complainant is entitled to the immediate
possession, occupancy, use and enjoyment of the leasehold
estate; that the interest of the defendant S. C. Bowman
is subject to the complainant's rights, and enjoining the de-
fendants from hindering the complainant from using, op-
erating and enjoying said premises and leasehold estate, is
to preclude defendants from any advantage of the home-
stead estate, as against complainant's rights, as effectually
as would a direct finding and decree as to the homestead
estate. It is, however, within the issues while the latter is
not. Since it does not substantially affect the appellants'
rights it would not be necessary to reverse the decree on
account of the adjudication in regard to the homestead es-
tate, if the decree were otherwise free from error.

In the other particular complained of, the decree went
beyond the prayer of the bill and beyond the rights of the
complainant. It contains the following provisions:

"It is further ordered, adjudged and decreed by the
court that said defendants surrender and deliver up the pos-
session of said leasehold estate, together with all the prop-
erty thereon and all the hereditaments and appurtenances
thereunto belonging or in anywise appertaining, to the said
complainant or his agents or attorneys, and that said com-
plainant, his associates, their heirs, assigns, legal representa-
tives or agents, be permitted to occupy, use, control, manage
and enjoy the same fully and to all intents and purposes,

under the terms of the said T. E. Pierce lease, without any intervention or objection on behalf of said defendants or either of them, or anyone for them, and that upon refusal and in default of such delivery the said defendant or defendants so refusing or defaulting be considered in contempt of this court. * * * It is further ordered and decreed by the court that the said defendants, and each of them, do at once deliver up to the said James M. Fast, as receiver, the above described property, real, personal and mixed, including the leasehold estate, together with all the oil wells, pipe line, shackle-rods, books and papers, with all the well records and records of shots, with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining."

There was no allegation in the bill in regard to any property placed upon the premises and no prayer in regard to such property. It is alleged that the defendants have drilled and completed one producing oil well and are drilling and about to drill others, all with notice of complainant's rights and to the irreparable damage of the premises and his estate. The complainant had no title to the premises nor even to the oil and gas under them. What he acquired by the lease was merely the right to go upon the premises and explore for oil and gas, and if found, to produce them according to the terms of the lease. (*Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9.) It is this right which the defendants invaded. The fact that they did so did not forfeit their ownership of the property which they brought on Bowman's premises, even though it was used in prosecuting their illegal operations, nor did it transfer such ownership to the complainant. The case of *Bruner* v. *Hicks,* 230 Ill. 536, is not in point, for there David C. Brubaker and Mary E. Brubaker were the owners of the property, and it was upon their cross-bill that the court enjoined the original complainants from removing property which they had attached to the real estate with full notice

of the Brubakers' rights.  Here nothing has been attached to the complainant's property.  He has a right to an injunction against the defendants drilling wells on the premises.  Whatever work of that kind has been done he is entitled to the benefit of, without payment for it.  Whatever material has been used in the work which cannot be taken away without injury to what has been done should be left in place.  But machinery or materials used in drilling wells or in pumping, conveying or storing the oil, not being a part of the wells themselves, the defendants should be permitted to remove.

The decree will be reversed and the cause remanded, with directions to re-enter the same, modified by omitting all reference to the homestead estate, by limiting the injunction against the removal of property to that which cannot be removed without injury to the wells, and by fixing another date for the making of the detailed statement of oil and gas produced.

*Reversed and remanded, with directions.*