# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

E. N. GILLESPIE, Trustee, Appellee, *vs.* THE FULTON OIL AND GAS COMPANY *et al.* Appellants.

*Opinion filed February 16, 1910.*

1. PRACTICE—*general rule where a chancery case is remanded.* When a chancery case is remanded by the Supreme Court with directions as to the decree to be entered, the trial court can only carry such directions into effect, and cannot permit the pleadings to be amended or new pleadings to be filed so as to change the issues and require a re-trial upon the facts.

2. SAME—*when filing an alleged supplemental bill does not re-open the case.* Where the Supreme Court has remanded a chancery case with directions as to the decree to be entered, the filing of an alleged supplemental bill reciting the history of the litigation and stating what sort of a decree has been directed to be entered does not re-open the case for a trial of new issues raised by answers to such supplemental bill.

3. SAME—*when question of homestead cannot be injected into case after remandment.* Where the Supreme Court, upon the first appeal in litigation involving an oil and gas lease, holds that the question of the lessor's homestead was not raised by the pleadings, or, if raised, was waived, and upon second appeal directs the entry of a decree omitting all reference to the homestead estate, the question of such homestead cannot be put in issue and tried upon re-instatement of the case.

4. SAME—*when Supreme Court may modify decree.* Where a decree limiting an injunction, in accordance with the mandate of the Supreme Court, contains a provision which, in effect, nullifies the limitation directed, the Supreme Court may modify the decree by eliminating such nullifying provision therefrom.

APPEAL from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.

PARKER & EAGLETON, GEORGE W. JONES, and JAY A. HINDMAN, for appellants.

CALLAHAN, JONES & LOWE, GOLDEN, SCHOLFIELD & SCHOLFIELD, and PARKER & CROWLEY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Crawford county by E. N. Gillespie against the Fulton Oil and Gas Company, S. C. Bowman, T. N. Rogers and Walter Hennig, for an injunction, an accounting, and other relief. The litigation arose out of two oil and gas leases executed by Bowman upon fifty acres of land owned by him, located in Crawford county, one lease being made to T. E. Pierce and assigned to Gillespie, and the other to T. N. Rogers. Answers and replications were filed, and upon a hearing a decree was entered dismissing the bill for want of equity, which decree was affirmed by the Appellate Court for the Fourth District, but upon appeal to this court the decree of the circuit court and the judgment of the Appellate Court were reversed and the case was remanded to the circuit court, "with directions to enter a decree in accordance with the prayer of the bill." Upon the case being re-instated in the circuit court a second decree was entered, from which an appeal was prosecuted to this court, and that decree was reversed upon the ground that it was broader in its scope than was authorized by the averments of the bill and the mandate of this court, and the cause was remanded to the circuit court with directions to re-enter the decree but to omit therefrom all reference to the homestead estate of Bowman in the premises mentioned in the decree, and to limit the injunction prayed for in the bill to the removal from the premises of such per-

sonal property as would injure the wells located upon the property, and a new date for the making of the detailed statement of oil and gas which had been produced upon the premises was directed to be fixed. A full statement of the facts will be found in the opinions of this court filed in the cases of *Gillespie* v. *Fulton Oil and Gas Co.* 236 Ill. 188, and *Gillespie* v. *Fulton Oil and Gas Co.* 239 id. 326. The case was again re-instated in the circuit court, whereupon the complainant filed, by leave of court, what was designated as a "supplemental bill," which reviewed at length the history of the litigation in the circuit court, the Appellate Court and this court and set up the final order of this court in the last appeal, and asked that a decree be entered in accordance with such order and that the defendants be required to answer said supplemental bill. The defendants, with the exception of Rogers, who was defaulted, answered the supplemental bill and Bowman filed a cross-bill. The premises, it is claimed, at the time the leases were executed, were the homestead of Bowman. In the lease to Pierce, which was executed prior to the lease to Rogers, Bowman alone signed the lease, his wife not joining therein, and he did not release his homestead estate in said premises. In the original answers to the bill the homestead estate of Bowman in the premises was attempted to be set up for the purpose of avoiding the lease to Pierce, and upon the first appeal it was held by this court Bowman's homestead estate, at least for the purpose of that appeal, was waived by the case coming to this court through the Appellate Court, and that Bowman and the other defendants had not sufficiently set up in their answers Bowman's homestead estate, and the second decree was entered upon the pleadings as they stood at the time the first decree was entered. In the answers filed to the supplemental bill the history of the litigation was admitted to be correctly set out in the supplemental bill, and it was averred that all personal property placed upon the premises by the defendants could be

removed without injury to the wells upon the premises, with the exception of the casings in the wells,. and in the answers of all the defendants, and in the cross-bill of Bowman, the homestead estate of Bowman in the premises was fully set up and was relied upon as a defense to the suit. The court sustained exceptions to all the answers so far as they attempted to set up Bowman's homestead estate in said premises for the purpose of avoiding the lease to Pierce, and the cross-bill of Bowman was stricken from the files and a decree was re-entered omitting therefrom all reference to Bowman's homestead estate in the premises, and fixing a new date for the making of the detailed statement of oil and gas produced upon the premises, and limiting the injunction against the removal by the defendants of the personal property placed by them upon the premises to the casings in the wells upon the premises, but directing them, as before, to "at once deliver up to the said James M. Fast, as such receiver, the above described property, real, personal and mixed, including the leasehold estate, together with all the oil wells, tanks, pipe lines, shackle-rods, books and papers, with all the well records and records of shots, with all hereditaments and appurtenances thereunto belonging or in anywise appertaining." From that decree an appeal has been prosecuted to this court.

The first contention of the appellants is that the circuit court erred in sustaining exceptions to the answer of the defendants and in striking the cross-bill of S. C. Bowman from the files. The general rule is, that where a decree in chancery is reversed by this court and the cause is remanded to the trial court with directions to enter a decree in accordance with the views expressed in the opinion, or express direction is given by this court to the trial court as to the decree that is to be entered by that court upon the re-instatement of the cause in that court, the trial court has no power other than to enter a decree in accordance with the determination and direction of this court and without

a re-trial of the cause, and that the pleadings should not
be permitted to be amended or new pleadings filed so as to
change the issues, and that the trial court should not enter
upon a re-trial of the cause upon the facts, but should carry
into effect the determination and direction of this court by
entering a decree in accordance with such determination
and direction. *Wadhams* v. *Gay,* 83 Ill. 250; *Hollowbush*
v. *McConnel,* 12 id. 203; *Newberry* v. *Blatchford,* 106 id.
584; *Hook* v. *Richeson,* 115 id. 431; *Gage* v. *Bailey,* 119
id. 539; *Buck* v. *Buck,* id. 613; *Sanders* v. *Peck,* 131 id.
407; *City of Chicago* v. *Gregsten,* 157 id. 160; *Lynn* v.
*Lynn,* 160 id. 307; *Blackaby* v. *Blackaby,* 189 id. 342;
*In re Estate of Maher,* 210 id. 160; *Noble* v. *Tipton,* 222
id. 639; *Humphreys* v. *Sayer,* 242 id. 80.

The appellants concede the foregoing rule to be the law
of this State, but contend it ought not to be applied in this
case by reason of the fact that upon the re-instatement of
the case in the trial court after the reversal upon the sec-
ond appeal the complainant was permitted to file a supple-
mental bill, which, it is urged, amounted to an amendment
of the original bill, the effect of which, it is said, was to
re-open the case and to permit the filing of new answers
and a cross-bill and a re-trial of the case upon new issues
raised by the pleadings filed subsequent to the re-instate-
ment of the case. We do not agree with this contention.
The pleading designated a supplemental bill was wholly un-
necessary for the proper disposition of the case in the trial
court, and leave should not have been given the complain-
ant to file the same. It set up no new facts, and, at most,
was but a recital of the history of the case as it had trav-
eled back and forth through the courts and a statement of
what sort of a decree this court had directed the trial court
to enter, upon the case being re-instated in the trial court.
The fact, however, that a paper designated a supplemental
bill was permitted to be filed, whether the same is treated
as a supplemental bill or an amendment to the original bill,

served no purpose, apparently, other than to befog the case, and did not have the effect to nullify the determination and direction of this court to the trial court as to the decree that should be entered by that court upon the case being re-instated in that court. The filing of said supplemental bill did not, therefore, open up the case for a re-trial in the trial court.

It is further urged that the defendants had the right to amend their answers, and Bowman to file a cross-bill, regardless of the office and effect of the supplemental bill, by reason of the fact that the homestead estate of Bowman in the premises in controversy had not been determined and set off to him, which right of homestead, it is insisted, could rightfully be imported into the case by the defendants by an amendment to their answers, and especially by Bowman's cross-bill, at any stage of the proceedings in the case. We do not think this position correct. A complainant cannot present his case, or a defendant his defense, by piecemeal. When this case was in this court the first time the homestead right of Bowman in the premises was sought to be litigated, but this court held that question was not properly raised by the pleadings, and that if it had been properly raised by the pleadings, by coming to this court through the Appellate Court the question could not be considered in this court but had been waived, and on the re-instatement of the cause the trial court attempted to dispose of Bowman's homestead estate in the premises without an amendment of the pleadings, but upon the second appeal to this court the decree was reversed and the case was remanded to the trial court, with directions to modify the decree "by omitting all reference to the homestead estate." Manifestly, upon the case being re-instated in the trial court the issues could not be so changed in that court, by amendment of the pleadings or otherwise, as to permit the trial court to pass upon and determine the homestead rights of Bowman in the premises, in view of the fact that this court

had by its mandate directed the trial court to enter a decree from which all reference to the homestead rights of Bowman should be omitted. We are of the opinion the trial court did not err in sustaining exceptions to the answers of the defendants in so far as they attempted thereby to bring before the court for adjudication the homestead estate of Bowman in the premises involved in the decree and in striking the cross-bill of Bowman from the files.

This court, when the case was here the second time, upon its reversal directed the trial court, upon the case being re-instated in that court, to enter a decree "limiting the injunction against the removal of property to that which cannot be removed without injury to the wells." The trial court so limited the injunction by its decree, but it incorporated into its decree a provision requiring the defendants to turn over to James M. Fast, as receiver, the property which had been released from the injunction, the effect of which was to tie up the property and deprive the defendants of its use and possession the same as though the injunction had been maintained in full force. This part of the decree was inconsistent with the mandate of this court and was clearly wrong, and the decree should be modified by eliminating that provision therefrom. It will, however, not be necessary to remand the case to the trial court but the modification of the decree can properly be made by this court. The decree will therefore be modified in that particular by eliminating from the decree the provision which required the defendants, or either of them, to turn over to James M. Fast, as receiver, any personal property, other than the casings in the wells, which has been placed upon the premises in controversy by the defendants, and in all other respects the decree will be affirmed. The complainant and the defendants will each pay one-half of the costs made in this court upon this appeal.

*Decree modified and affirmed.*