### E. N. Gillespie, Trustee, Appellee, v. Fulton Oil & Gas Company et al., Appellants.

1. APPEALS AND ERRORS—*effect of decision of Supreme Court.* Upon an appeal from a decree settled pursuant to the mandate of the Supreme Court, questions adjudicated by that court cannot be considered by the Appellate Court.

2. INTEREST—*when allowance improper.* Held, under the facts of this case that the allowance of interest made by the decree appealed from was not justified either upon the ground (1) that there had been an unreasonable and vexatious delay of payment, or upon the ground (2) that the money found due had been retained by a tortious act.

3. INTEREST—*what not judgment bearing.* Interest cannot be allowed upon a decree or upon a sum of money found due by a decree if such decree is subsequently set aside or modified by virtue of an appeal therefrom.

Appeal from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the October term, 1910. Modified and affirmed. Opinion filed April 15, 1911.

JAY A. HINDMAN and PARKER & EAGLETON, for appellants.

CALLAHAN, JONES & LOWE, GOLDEN & SCHOLFIELD and PARKER & CROWLEY, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This case has been here once before and to the Supreme Court three times. The facts involved and history of the case may be briefly stated as follows:

On May 17, 1905, appellant, S. C. Bowman, owned a tract of about 50 acres of land in Crawford county, Illinois, and on that date executed an oil and gas lease on the same to T. E. Pierce, who later assigned the same to appellee. On August 20, 1906, Bowman, together with his wife, executed a second lease of like character on the same land, to T. N. Rogers. The right of homestead and dower was waived in the second lease, but not in the first, and both leases were recorded, the first on June 15, 1906, and the second August 31, 1906. Shortly after the execution of the second lease to said Rogers, he assigned the same to appellant, Walter Hennig, who assigned the greater portion of his interest to the Fulton Oil and Gas Company, also an appellant. No work was done under the first lease, but the assignees of the second lease entered into the possession of the premises, and drilled and cased eight oil and gas wells. It was proven that the value of the oil and gas taken from said wells, under appellants' lease, amounted to $9,999.25, while appellants claimed and offered to prove, but were not permitted by the court to do so, that the cost of drilling and casing said wells amounted to $8,415.24 and the operating expenses connected with the producing of oil amounted to the sum of $2,881.09, making a total of $11,296.33. On December 14, 1906, appellee filed a bill setting up his rights under the former lease and praying for an injunction, an accounting, the appointment of a receiver and the cancellation of the lease under which appellants sunk and operated the wells. On the hearing the trial court denied the prayer and dismissed the bill for want of equity.

An appeal was taken to this court, which affirmed the decree, but in the Supreme Court, to which a further appeal was taken, the decree was reversed and the cause remanded to the trial court, with directions to enter a decree in accordance with the prayer of the bill. 236 Ill. 188.

In pursuance of the mandate of the Supreme Court, the Circuit Court entered a decree on November 10, 1908, granting the prayer of the petition and attempting to fix the rights of the parties. The cause was again appealed to the Supreme Court, where the decree was again reversed and the cause remanded, with directions to re-enter the decree, modified by omitting all reference to the homestead estate, by eliminating the injunction against the removal of the property to that which could not be removed without injury to the wells and by fixing another date than that named in the decree for the making of the detailed statement of oil and gas produced. 239 Ill. 326. A new decree was thereupon entered by the Circuit Court and the case was then appealed for the third time to the Supreme Court, which again modified the decree by eliminating therefrom a provision requiring the defendants therein to turn over to the receiver any personal property, other than the casings of the wells, which had been placed upon the premises by the defendants and affirmed the same as so modified. 244 Ill. 9. Thereupon at its March term, 1910, the Circuit Court again modified or added to the provisions of said decree. In this last modified decree it was found that the Fulton Oil and Gas Company had received from the production of oil and gas on said premises the sum of $9,793.59 and that said Walter Hennig had received therefrom the sum of $205.66 and it was ordered by the court that the whole of said respective amounts be paid by said parties so receiving them to the complainant, with interest on both of said sums at the rate of five per cent per annum, from the 10th day of November, 1908, when the second decree was entered, up to the date of the last decree, which was filed July 13, 1910. From the last decree this appeal has been prosecuted to this court.

While a number of errors have been assigned, appellants rely upon and argue to this court only two

propositions covering certain portions of the decree which they declare to be erroneous.

The first proposition relied upon by appellant for reversal, is, that the court below erred in not permitting appellants, the Fulton Oil and Gas Company and Walter Hennig, to introduce evidence of the amount expended by them in sinking and casing said wells and in operating the same; and also in refusing, on the same theory, to allow said appellants credit for said money so expended by them in developing their said lease and the operating expenses of said wells, as against the amount received by them from the sale of oil and gas. It appears to us that this question was fully settled in the opinion rendered by the Supreme Court on the occasion of the second appeal (239 Ill. 326), where it is said: "He (appellee Gillespie) has a right to an injunction against the defendants drilling wells on the premises. Whatever work of that kind has been done, he is entitled to the benefit of, without payment for it. Whatever material has been used in the work which cannot be taken away without injury to what has been done, should be left in place." That opinion affirmed that portion of the decree of November 10, 1908, which found that appellee was entitled to all the products of and from said wells and the proceeds derived from the same, on said premises since the 17th of May, 1905, to the date of the decree, and ordered that said appellants and said Rogers make and file on or before the 5th day of August, 1909, a detailed statement in writing under oath, of all such oil and gas produced and received by them from said date. No allowance was made in that decree for sinking the wells or the expense of production. The Supreme Court in remanding the case ordered the trial court to re-enter the decree, modified only in reference to the homestead estate, injunction against the removal of certain property and the fixing of another date for making the statement of oil and

gas produced, as we have above detailed. The decree was then modified as indicated by the Supreme Court, and when it went to that court again on appeal, it was affirmed with a modification, made by the Supreme Court, simply as to certain personal property required to be turned over to the receiver.

So far as the right of said appellants to claim compensation for the sinking of the oil and gas wells and the cost of production is concerned, this matter having been fully disposed of by the Supreme Court, cannot be a subject of consideration for this court upon this appeal.

The second proposition advanced by appellant is, that the court erred in allowing interest from November 10, 1908, on the amount found due from appellants, to appellee. Section 2 chapter 74 of our Revised Statutes provides: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum  *   *   * on money received to the use of another and retained without the owner's knowledge and on money withheld by an unreasonable and vexatious delay of payment;" and section 3 of the same chapter provides: "Judgments recovered before any court or magistrate, shall draw interest at the rate of five (5) per centum per annum from the date of the same until satisfied."

Appellee contends that the court was justified in allowing interest upon both of the grounds above referred to as mentioned in section 2 of said statute, and also upon authority of Whittemore v. The People, 227 Ill. 453, where it is said: "In addition to the cases where interest is provided for by statute, it has been held that interest will be allowed as a penalty, where money has been secured and retained by a tortious act and where it has been fraudulently taken and its conversion concealed."

We cannot accede to appellee's contention in this regard as it does not appear to us that the facts in this record present a case calling for the allowance

of interest on the amount found due appellee, for any of the reasons above named.

The moneys received by appellants from the sale of oil was not in a legal sense received for the use of appellee, but was claimed by appellants to rightfully belong to them and there is no evidence that they sought to conceal the receipt of the same from appellee or that they thought they had any reason for so doing. Neither does it appear that the money received by them was withheld from appellee by any unreasonable and vexatious delay of payment. It is true, as claimed by appellee, that the rights of the parties were settled by the decree of the Circuit Court entered on November 10, 1908, and that it, was then determined that appellee was entitled to all the money received by appellants for oil and gas produced and sold from said premises, but the amount received by them was not finally determined until it was fixed by the decree of July 13, 1910, from which this appeal is prosecuted.

It is also true that appellants contended they did not owe appellee on said account, and therefore refused to pay the same, going to the extent of resisting appellee's claim in this suit instituted against them. These facts, however, were not of themselves sufficient to constitute unreasonable and vexatious delay. Our Supreme Court held, in the case of Imperial Hotel Co. v. Claflin, 175 Ill. 119, that the mere fact of appearing and defending a suit was not sufficient to constitute unreasonable or vexatious delay of payment and cannot be so construed. Nor should interest be allowed as a penalty in this case, as the proof fails to show either that the act of appellants in receiving the money for the oil and gas sold was tortious or that it was fraudulently taken and its conversion concealed, in the sense in which those terms are used in the opinion in the case of Whittemore v. The People, *supra*. It follows from what is above said that we are of opinion the decree of the court below should

254    APPELLATE COURTS OF ILLINOIS.

Schwartz v. Murphysboro M. County Fire Ins. Co., 161 Ill. App. 254.

be affirmed in all particulars, except the requirement of the payment of interest on the amount found due appellee, from November 10, 1908. It does not appear to us necessary to remand the cause to the trial court in order that the decree may be changed so as to conform to the views here expressed, but it will be here modified by eliminating therefrom the provision which requires the Fulton Oil and Gas Company and Walter Hennig to pay to appellee interest at the rate of five per cent per annum from the 10th day of November, 1908, to the date of the entry of the decree. The costs made in this court upon appeal should be divided between the parties, and we therefore direct that appellee pay one-half and appellants the other half thereof.

*Decree modified and affirmed.*